IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALGER,

Plaintiff,

v.

CHESTNUT STREET SF LLC; AND BOHO PETITE, LLC,

Defendants.

**Case No.** 26-cv-6851

***Civil Rights***

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA LAW:**

1) Violation of Title III of the ADA (42 U.S.C. section 12101 et seq.)

2) Violation of the Unruh Civil Rights Act (Cal. Civ. Code section 51, et seq.)

3) Violation of the California Disabled Persons Act (Cal. Civ. Code section 54, et seq.)

4) Violation of the California Health and Safety Code Section 19955 et seq.

**DEMAND FOR JURY TRIAL**

JAMES ALGER ("Plaintiff") complains against CHESTNUT STREET SF LLC; AND BOHO PETITE, LLC (collectively, "Defendants"), as follows:

1. Title III of the Americans with Disabilities Act ("ADA") and related California law require places of public accommodation to provide individuals with disabilities full and equal access to their goods and services.

2. Plaintiff visited Boho Petite, a bakery owned and/or operated by Defendants, intending to purchase food and remain on-site to eat. Because the available dining surfaces did not provide the required knee depth for a wheelchair or mobility scooter user, Plaintiff could not access the seating provided to customers and was unable to dine at the establishment in the same manner as other patrons.

3. Plaintiff brings this action to obtain removal of the barriers, secure equal access, and recover the remedies authorized by law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled Persons Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

**DIVISION ASSIGNMENT**

6. This case should be assigned to the San Francisco / Oakland Division because the subject premises are located in this division and Plaintiff's claims arose in this division.

**PARTIES**

7. Plaintiff is, and at all times relevant hereto was, a qualified individual with a physical disability as defined by 42 U.S.C. § 12102, Cal. Civ. Code §§ 51, et seq., 52, et seq., the

California Disabled Persons Act, §§ 54, et seq., California Government Code §§ 12926, 12926.1, 11135, and other statutory measures that refer to the protection of the rights of "physically disabled persons." At all relevant times, Plaintiff has been substantially limited in his ability to walk due to progressive peripheral neuropathy, a physical impairment affecting the peripheral nerves. The condition worsened significantly following a work-related back injury. As a result, Plaintiff experiences profound weakness and numbness in his hands, arms, legs, and feet, substantially limiting major life activities, including walking and performing tasks requiring fine motor control. Plaintiff relies on a wheelchair or mobility scooter for ambulation. He is a resident of Porter Ranch, California.

8. Upon information and belief, Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and building at Boho Petite located at 2146 Chestnut St, San Francisco, California.

9. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

10. Boho Petite is a facility open to the public, a place of public accommodation, and a business establishment. It is subject to the requirements of 42 U.S.C. § 12181(7) and California Civil Code §§51, 51.5 and 54, et seq.

11. Plaintiff is informed and believes that portions of the subject premises have been constructed and/or altered since July 1, 1970. As a result, Defendants were required to comply

with applicable accessibility standards governing those alterations. Regardless of when particular elements were installed or modified, Defendants remain responsible for maintaining accessible features and removing architectural barriers where doing so is readily achievable.

12. In March 2026, Plaintiff was visiting San Francisco's Marina District during one of his regular trips to the Bay Area. While traveling through the neighborhood in his mobility scooter, he came upon Boho Petite, a French bakery located on Chestnut Street. Plaintiff was interested in purchasing food and remaining at the establishment to eat, as other patrons were doing.

13. Upon approaching the business, Plaintiff observed that customer seating was provided outdoors. Because he uses a wheelchair or mobility scooter for mobility, Plaintiff looked for a table that would allow him to position himself underneath the table surface and dine comfortably. However, none of the available tables provided the required 19 inches of knee depth. As a result, Plaintiff was unable to position himself at any of the available tables in a manner that would allow him to comfortably dine and use the seating provided to other patrons.

14. Plaintiff was frustrated and embarrassed by the experience. He observed other customers seated and enjoying their purchases while he was unable to do the same because of the inaccessible dining surfaces. The lack of accessible seating denied Plaintiff the opportunity to enjoy the goods and services of the business on terms equal to those afforded to the general public.

15. Plaintiff regularly visits San Francisco and the surrounding Bay Area for leisure. He maintains an annual membership to the California Academy of Sciences and routinely patronizes restaurants, cafés, and retail establishments throughout the city. Plaintiff would like to return to Boho Petite during future visits, but he is deterred from doing so until the accessibility barriers are corrected because he cannot independently access and use the dining facilities.

16. Following Plaintiff's visit, an inspection of the property was conducted to evaluate the accessibility conditions encountered by Plaintiff and to identify additional barriers affecting individuals with mobility disabilities. The inspection was undertaken, in part, to avoid

piecemeal litigation by identifying accessibility barriers related to Plaintiff's disability throughout the subject premises rather than limiting the investigation solely to the barriers initially encountered by Plaintiff. The inspection confirmed the barriers described herein and revealed additional accessibility violations at the subject premises, including the following:

a) Exterior seating is provided, but no 5% accessible seating is provided due to tables without compliant knee depth.

b) Parklet seating is provided, but no 5% accessible seating is provided due to tables without compliant knee depth.

c) The exterior automatic door opener high and low push plates are not installed at the required heights. The lower actuator is not centered between 7 inches and 8 inches above finish floor, and the upper actuator is not centered between 30 inches and 44 inches above finish floor.

d) The interior automatic door opener high and low push plates are not installed at the required heights. The lower actuator is not centered between 7 inches and 8 inches above finish floor, and the upper actuator is not centered between 30 inches and 44 inches above finish floor.

e) The door does not have an automatic door opener alert sign.

f) A doorstop obstructs the required clear space immediately inside the entrance.

g) A 30-inch by 48-inch clear floor space is not provided centered at the interior automatic door opener.

h) A dead-end aisle does not provide a 60-inch turning space at the end of the aisle.

i) The path of travel to the parklet is blocked by a seating table.

17. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after a detailed inspection by Plaintiff's accessibility expert.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

**(Against all Defendants and each of them)**

18. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

19. Plaintiff is, and at all relevant times was, a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

20. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

21. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined, *inter alia*, as follows:

a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by

reference to the ADA Standards for Accessible Design.

d. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. Plaintiff alleges on information and belief that Boho Petite was altered after January 26, 1992 -- independently triggering access requirements under Title III of the ADA.

24. Here, Defendants violated the ADA by altering the Boho Petite in a manner that did not comply with federal disability access standards even though it was practicable to do so.

25. Moreover, 28 CFR § 36.211 mandates that “A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.” Defendants have violated this regulation by failing to ensure that the accessible features at Boho Petite are adequately maintained.

26. The barriers identified in this Complaint are readily achievable to remove. The corrective measures required primarily involve providing compliant dining surfaces, maintaining accessible routes, repositioning furniture, adjusting automatic door opener controls, removing obstructions from required maneuvering clearances, and installing required signage. These modifications can be accomplished through routine maintenance, minor construction, or simple operational changes and do not require significant structural work. The benefits of remediation substantially outweigh the associated costs. Correcting these barriers improves access for individuals with mobility impairments, enhances customer service, reduces the risk of future accessibility complaints and litigation, promotes compliance with applicable accessibility standards, and expands the facility’s ability to serve the public.

27. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is

being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM:**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code §§ 51 et seq.]**

**(Against all Defendants and each of them)**

28. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

29. Boho Petite is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

30. Defendants are the owners and/or operators of a business establishment.

31. Defendants violated the Unruh Act by their acts and omissions:

a. Failure to alter Boho Petite in compliance with state building code and state architectural requirements ("CBC");

b. Failure to remove known barriers to access at Boho Petite;

c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Boho Petite;

d. Failure to maintain accessible features in violation of CBC 11B-108;

e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

32. Plaintiff has experienced barriers to access at Boho Petite, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code § 55.56(c). Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

33. On information and belief, Boho Petite is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

34. These barriers to access render Boho Petite inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

35. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

36. The accessibility barriers described in this Complaint existed on the date of Plaintiff's visit and remained present during the subsequent inspection of the property. Defendants had the ability to identify and correct these conditions through reasonable inspection, maintenance, and compliance efforts but failed to do so.

37. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies, and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

38. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

**(Against all Defendants and each of them)**

39. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

40. Boho Petite is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq*.

41. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civil Code § 54.

42. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).

43. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, Cal. Civil Code § 54.1(d).

44. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

a. Failure to alter Boho Petite in compliance with the CBC;

b. Failure to remove known barriers to access at Boho Petite;

c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Boho Petite;

d. Failure to maintain accessible features in violation of CBC 11B-108; and

e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

45. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

**(Against all Defendants and each of them)**

46. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

47. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

48. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

49. On information and belief, portions of Boho Petite and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Boho Petite and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Boho Petite to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

50. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Boho Petite and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

51. On information and belief, at the time of the modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

52. Boho Petite is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

53. As a result of Defendants' acts and omissions, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury

because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures are a violation of the ADA.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. To provide reasonable accommodation for persons with disabilities at Boho Petite;

c. To ensure that persons with disabilities are not denied equal benefits at Boho Petite;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Boho Petite; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Boho Petite.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory

damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: July 5, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*

By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: July 5, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*

By IRAKLI KARBELASHVILI, Esq.

Attorney for Plaintiff
JAMES ALGER